UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BERTA GONCALVES AS ADMINISTRATRIX ) <br> OF THE ESTATE OF ASHLEY MARIE ) <br> GONCALVES, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> FORD MOTOR COMPANY, ) <br>  ) <br> Defendant. ) <br> _____) | C.A. NO. 3:01CV2094 (MRK) <br><br><br> JANUARY 19, 2004 |

JOINT PRETRIAL MEMORANDUM

The parties to the above-captioned action hereby submit their Joint Pretrial Memorandum as instructed by this court's October 29, 2003 scheduling order.

I.  COUNSEL

   **A.  For Plaintiff, Berta Goncalves:**

   Michael A. Stratton (ct 08166)
   Stratton & Faxon
   59 Elm Street
   New Haven, CT 06510
   (203) 624-9500

   **B.  For Defendant, Ford Motor Company:**

   James M. Campbell (ct 09276)
   Mark J. Hoover (ct 15546)
   Campbell Campbell Edwards & Conroy
   Two Riverview Square
   East Hartford, CT 06108
   (860)291-8419
   jmcampbell@campbell-trial-lawyers.com
   mhoover@campbell-trial-lawyers.com

II.  JURISDICTION

   The plaintiff, Berta Goncalves, is a resident of Monroe, Connecticut. The

defendant, Ford Motor Company, is a Delaware corporation with its principal place of business in Dearborn, Michigan. Federal jurisdiction exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

III.   JURY/NONJURY TRIAL

The parties request a jury trial on all issues.

IV.   LENGTH OF TRIAL

The parties estimate that trial of this action will take approximately two full weeks.

V.   FURTHER PROCEEDINGS

The parties state that prior to trial proceedings are necessary to allow for oral argument of and decision on all motions *in limine*, motions to strike, evidentiary disputes, and disputes as to jury instructions, voir dire forms, and special interrogatories.

VI.   NATURE OF THE CASE

   A.   **PLAINTIFF'S CLAIMS**

On and for sometime before October 16, 1999, the defendant Ford was engaged in the business of designing, manufacturing, marketing, repairing, distributing, assembling, and/or fabricating Sport Utility Vehicles, including the "Ford Explorer," and was a product seller of these motor vehicles.

Prior to October 16, 1999, the decedent's parents purchased a 1996 Ford Explorer.

On or about October 16, 1999, defects in the manufacture and design of the Ford Explorer caused the death of Ashley Marie Goncalves when the Explorer rolled

over and she was thrown out the back window and killed in or near Shelton, Connecticut.

At all times mentioned herein, said Ford Explorer designed, manufactured, and/or installed and marketed and placed into the stream of commerce by Ford was in a defective condition, and unreasonably dangerous to Ashley Marie Goncalves as user and consumer of the product in at least one of the following ways in that it:

(a) had a design which was highly susceptible to rollover and therefore defective;

(b) was improperly or inadequately tested;

(c) had a design which failed to protect occupants from being thrown from vehicles during foreseeable rollovers in that the windows were not tempered;

(d) was sold without proper and/or adequate warnings or instructions regarding its susceptibility to rollover and its lack of tempered glass;

(e) failed to protect occupants from injury during motor vehicle accidents when law, regulation and industry standards require such protection; and

(f) was known to be defective and yet no recall or adequate recall of them was performed.

One or more of the above described defects was a substantial factor in producing the decedent's severe, permanent and painful injuries, and death

The defendant Ford recklessly disregarded the safety of users of its vehicles in at least one of the following ways, all or some of which were continuing until the time of injury and death:

(a) it failed to warn and/or instruct properly and/or adequately about a multitude of rollovers occurring with Explorers and the hazards associated with the use of its vehicles;

3

> (b) it failed to conduct proper tests to determine the hazards associated with the use of its vehicles;
>
> (c) it improperly designed and or manufactured said Explorers when it had ample information that rollovers were likely and that tempered glass was necessary to prevent death and injury;
>
> (d) it, despite knowing all of the dangers and injuries caused by its Explorer, failed to perform a recall or perform an adequate recall of its safety belts; and
>
> (e) it advertised and/or promoted its goods and service as safe and of high quality when the defendant knew or should have known through inspection that they were unsafe and/or unfit.

The recklessness of the defendant Ford was a substantial factor in producing the decedent's severe, permanent and painful injuries, and death as is set forth more specifically below.

### B. FORD'S DEFENSES

This is a product liability action involving a 1996 Ford Explorer four door. The plaintiff alleges that on October 16, 2000, Daniel Goncalves was the driver of the Ford Explorer. Also in the vehicle at the time were Antonio Goncalves (front right passenger), Kevin Goncalves (right rear passenger) and Ashley Goncalves (left rear passenger). As the vehicle proceeded down Shelton Road in Monroe, CT it was struck on the passenger side by a 1995 Honda, driven by Angelina Maione. Ms. Maione failed to stop at a stop sign and struck the Explorer near the right rear wheel. As a result of this first impact, the Explorer began to rotate in a clockwise manner until it was struck a second time by a Buick traveling in the opposite direction. As a result of this second impact, the Explorer rolled over. During the course of the impact with the second vehicle, Ashley Goncalves, who was not belted at the time of the accident, was ejected and killed.

4

It is Ford's position that the Explorer is not defectively designed and that this rollover was the result of multiple severe impacts to the Explorer. The Explorer was sent spinning into a clockwise yaw due to the significant impact with the Honda and then was struck a second time by the Buick traveling in the opposite lane. These multiple impacts (and NOT the design of the vehicle) caused the Explorer to rollover. It is Ford's position that almost *any* vehicle that underwent these accident dynamics might also have rolled over. Simply because a vehicle is involved in an accident and rolls over does not mean that the vehicle itself is defective.

In addition, Ford states that the use of tempered glass is permitted under the Federal Motor Vehicle Safety Standards and that the use of tempered glass in the Explorer's side and rear windows is perfectly reasonable and safe. Furthermore, there is evidence that the use of laminated glass in rear and side windows may actually *increase* the possibility of injury and death in motor vehicle accidents.

Lastly, Ford states that Ashley's failure to wear the available safety restraint was a direct result in her death. Had she been belted, she would not have been ejected and would not have been killed.

VII.   TRIAL BY MAGISTRATE

The parties do not agree to trial of this action by a Magistrate judge.

VIII.   EVIDENCE

   A. WITNESSES:

      1.   For the Plaintiff:

         Attached hereto as Exhibit 1.

      2.   For the Defendant:

  a. Lay witnesses:

1. Daniel Goncalves
  220 Beardsley Road
  Monroe, CT

  Will call.

2. Antonio Goncalves
  220 Beardsley Road
  Monroe, CT

  Will call.

3. Kevin Goncalves
  220 Beardsley Road
  Monroe, CT

  Will call.

4. Angelina Maione
  336 Fairview Avenue
  Bridgeport, CT

  Will call.

5. Sheryll Occulto
  56 Soundview Avenue
  Monroe, CT

  Will call.

6. John Dellapiano
  86 Ferndale Avenue
  Stratford, CT

  May call.

7. Sgt. Dan Block
  Monroe Police Department
  Monroe, CT

  Will call.

8. Officer Yaworowski
  Monroe Police Department

        Monroe, CT

        May call.

9.     Officer Dennis Bradshaw
       Monroe Police Department
       Monroe, CT

       May call.

10.    Lieutenant Pane
       Monroe Police Department
       Monroe, CT

       May call.

11.    Captain Wall
       Monroe Police Department
       Monroe, CT

       May call.

12.    Sgt. Phil Kirpas
       Monroe Police Department
       Monroe, CT

       May call.

13.    Sgt. William Blyth
       Monroe Police Department
       Monroe, CT

       Will call.

14.    Officer Ed Risko
       Monroe Police Department
       Monroe, CT

       May call.

15.    Det. Ken Heim
       Monroe Police Department
       Monroe, CT

       May call.

16. Det. Keith White
    Monroe Police Department
    Monroe, CT

    May call.

17. Det. Bernard Halapin
    Monroe Police Department
    Monroe, CT

    May call.

18. David Knecht
    Monroe Police Department
    Monroe, CT

    May call.

19. Members of the Monroe Vol. Fire Department
    Monroe, CT

    May call.

20. Members of the Stepney Vol. Fire Department
    Stepney, CT

    May call.

21. Robert Pascarella
    Ford Motor Company
    Dearborn, MI

    May call.

b. Expert witnesses:

1. Don Tandy (vehicle design)
   Tandy Engineering & Associates
   25003 Pitkin Road
   Suite F100
   The Woodlands, TX 77386

   Will call.

   Mr. Tandy will testify regarding the design of the subject Ford Explorer, including testimony relating to the handling

and stability characteristics of the vehicle and testing performed regarding the dynamic handling and stability characteristics of the Ford Explorer. Mr. Tandy may testify regarding the effect of vehicle dynamics in this accident and may address computer simulations. Mr. Tandy may also respond to issues raised by Plaintiff's experts. He is expected to testify consistent with his expert report which is attached hereto as Exhibit 2.

2. Catherine Corrigan, Ph.D. (biomechanics)
Exponent, Inc.
3401 Market Street, Suite 300
Philadelphia, PA  19104

Will call.

Dr. Corrigan is expected to testify regarding the biomechanics and mechanics of the injuries sustained by Ashley Goncalves. Dr. Corrigan is expected to testify regarding the specific injuries sustained by Ashley Goncalves and when, how and where she sustained her injuries and resulting death. She is expected to testify consistent with her expert report which is attached hereto as Exhibit 2.

3. David W. Mercaldi, Ph.D., P.E. (accident reconstruction)
Scientific Boston, Inc.
1120 Massachusetts Avenue
Boxborough, MA  01719

Will call.

Dr. Mercaldi is expected to testify regarding the reconstruction of this accident. He is expected to testify regarding the specifics of this accident, including, but not limited to, the path of travel of the subject vehicles, the speed of the vehicles at various times during the accident sequence, distances that the vehicles traveled during the accident sequence. He is expected to testify consistent with his expert report attached hereto as Exhibit 2.

4. Richard L. Morrison (glass & glazing)
The Onyx Building
29777 Telegraph Road, Suite 2447
Southfield, MI  48034

        Will call.

        Mr. Morrison is expected to testify regarding the design, development, testing and manufacturing of the glass and glazing utilized in the subject vehicle as well as glass and glazing in general. He is expected to testify consistent with his expert report attached hereto as Exhibit 2.

5.        Michelle Vogler, Ph.D., P.E. (statistics)
Design Research Engineering
46475 DeSota Court
Novi, MI 48377

        Will call.

        Dr. Vogler is expected to testify regarding risk analysis and will offer opinions as to the difference in rollover rates among passenger vehicles and the factors which explain these differences. More specifically, she may offer opinions as to the relationships between vehicle stability and the rates of accidents and rollovers for passenger vehicles, including the Ford Explorer; the human, vehicular, and environmental factors that contribute to vehicle rollover; and the interactions among and the relative importance of those factors that contribute to vehicle rollover. Dr. Vogler may further express opinions on other issues raised by Plaintiffs' experts in the area of statistics, risk analysis and human, environmental and vehicular factors that can contribute to differences in accident rates or rollover rates among vehicles. She is expected to testify consistent with her expert report attached hereto as Exhibit 2.

**B. EXHIBITS:**

   1.     Plaintiff's Exhibits:

        Attached hereto as Exhibit 3.

   2.     Defendant's Exhibits:

        Attached hereto as Exhibit 4.

**C. DEPOSITION TESTIMONY:**

   1.     Plaintiff's:

Plaintiff has no deposition designations.

2.  Defendant's:

Defendant would only anticipate reading in portions of Ms. Maione's deposition to the extent she is not available at the time of trial. At this time however, Ford believes Ms. Maione will be available for trial.

IX. STIPULATIONS

**B. JURY TRIAL:**

1. Proposed voir dire

   A.  Plaintiff

   Attached hereto as Exhibit 5.

   B.  Defendant

   Attached hereto as Exhibit 6.

2. Proposed jury instructions

   A.  Plaintiff

   Attached hereto as Exhibit 7.

   B.  Defendant

   Attached hereto as Exhibit 8.

3. Proposed verdict form and special interrogatories

   A.  Plaintiff

   Attached hereto as Exhibit 9.

   B.  Defendant

   Attached hereto as Exhibit 10.

4. <u>Agreed Stipulations of Fact</u>

   a.    The plaintiff, Berta Goncalves, is a resident of Monroe, Connecticut.

   b.    The defendant, Ford Motor Company, is a Delaware corporation with its principal place of business in Dearborn, Michigan.

5. <u>ANTICIPATED EVIDENTIARY PROBLEMS</u>

Plaintiff does not have any motions *in limine*. Please see Defendant's motions *in limine* attached hereto as Exhibit 11.

DATE: January 19, 2004

PLAINTIFF BERTA GONCALVES,

By her attorney,

*/s/ Michael A. Stratton*

Michael A. Stratton (ct 08166)
Stratton & Faxon
59 Elm Street
New Haven, CT 06510
(203) 624-9500


DEFENDANT
FORD MOTOR COMPANY

By its attorneys,

*/s/ James M. Campbell*

James M. Campbell (ct 09276)
Mark J. Hoover (ct 15546)
Campbell Campbell Edwards & Conroy
Two Riverview Square
East Hartford, CT 06108
(860) 291-8419