UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
APR 12   9 16 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

BERTA GONCALVES AS ADMINISTRATRIX :
OF THE ESTATE OF ASHLEY MARIE :
GONCALVES, :
        Plaintiff,   : C.A. NO. 3:01CV2094 (MRK)
  :
v.   :
  :
FORD MOTOR COMPANY,   : APRIL 6, 2004
        Defendant.   :

## REPLY TO FORD COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S TRIAL EXHIBITS

The defendant opposes the plaintiff's Motion to Strike on several bases.

First, the defendant asserts that our objections were untimely. This Court, however, has already granted our request to extend time for objecting to trial exhibits. See Exhibit A dated March 3, 2004.

Second, the defendant claims that the objections are deficient. It was, however, the plaintiff's understanding that objections should be extremely brief and that the total number of pages very limited. The defendant specifically targets the plaintiff's objection to the claims file of Allstate being admitted. Apparently, they believe that admitting these records poses no dilemma. From the plaintiff's standpoint, it is so obvious that the claims files of a settled tortfeasor would have no basis for admissibility the extensive objection is unnecessary.

Third, the defendant attacks certain types of objections. For instance, it claims that "foundation" objections are without merit because they will have to show a

foundation at trial. The plaintiff, however, was under the clear impression that absent objections at this point, all evidence put forth by a party would be admissible in full.

In addition, the defendant asserts that the police report should be admitted in full as a public record. This report, however, is full of hearsay statements and opinions which do not fall within trial exception. It was the defendant's job to submit a limited proffer of the police report with witness statements and opinions deleted.

Further, the defendant's offer of exhibit #527 remains completely vague and overbroad. In its current form, the plaintiff is left with no option but to object.

As to CVs, reports, transcripts and statements, the plaintiff has no objection if these items are only going to be used where proper for impeachment or due to unavailability of a witness.

Finally, the animation offered by the defendant has never been provided to the Court or the plaintiff. It is too late for the creation of new exhibits, and this item should be precluded. The witness who will authenticate the animation should be provided at the cost of the defendant for a deposition regarding the animation.

THE PLAINTIFF

| By: | |
|---|---|
| | Michael A. Stratton, Esq. STRATTON FAXON 59 Elm Street New Haven, CT 06510 (203) 624-9500 (203) 624-9100 fax mstratton@strattonfaxon.com Federal Bar No. ct 08166 |

## CERTIFICATION

This is to certify that an original was mailed to the clerk of the court and a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, on this 6th day of April, 2004, to:

**United States District Court**
Clerk of the Court
141 Church Street
New Haven, CT  06510

**James M. Cambell, Esq.**
**Mark J. Hoover, Esq.**
Campbell, Campbell, Edwards & Conroy, P.C.
One Constitution Plaza
Boston, MA 02128

_____
Michael A. Stratton, Esq.